IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID ZARAGOZA, § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | CIVIL NO. 5:21-cv-00043 | |
| § | | |
| AMERICAN NATIONAL RED CROSS § | | |
| AND MATTHEW GRIFFITHS § | | |
| § | | |
| *Defendants.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW DAVID ZARAGOZA, referred to hereinafter by name or as "Plaintiff," complaining of AMERICAN NATIONAL RED CROSS AND MATTHEW GRIFFITHS, referred to hereinafter by name or as "Defendants," and for cause of action respectfully shows the Court as follows:

### I.
### PARTIES

1. Plaintiff DAVID ZARAGOZA (DL: xxxxx873) is an individual residing in Bexar County, Texas.

2. Defendant AMERICAN NATIONAL RED CROSS is a federal instrumentality that may be served by and through any of its corporate officers at the following address: 430 17th St. NW, Washington, DC 20006. **Service is requested at this time.**

3. Defendant MATTHEW GRIFFITHS is an individual who may be served at his home address: 6515 W HAUSMAN, APT 4561; SAN ANTONIO TX 78249. **Service is requested at this time.**

## II.
## VENUE

4. The San Antonio Division of the Western District of Texas is proper venue because the collision serving as the basis of this lawsuit occurred in San Antonio, Texas.

## III.
## JURISDICTION

5. The damages sought by Plaintiff exceed $75,000 exclusive of interest and costs.

6. The Court has original jurisdiction over Defendant AMERICAN NATIONAL RED CROSS pursuant to *American National Red Cross v. S.G.*, 505 U.S. 247 (1992).

7. The Court has diversity jurisdiction over Defendant MATTHEW GRIFFITHS because said Defendant was domiciled in Oklahoma at the time Plaintiff's cause of action accrued.

## IV.
## FACTS

8. On or about January 24, 2020, Defendant MATTHEW GRIFFITHS was driving a white 2019 Chevrolet Equinox (TXLP: LRT1065) traveling southbound at or near the 17200 block of IH-10 West in San Antonio, Texas.

9. Defendant MATTHEW GRIFFITHS suddenly and unexpectedly collided with the rear side of a silver 2013 Dodge Ram 1500 driven by Plaintiff DAVID ZARAGOZA.

10. At the time of the collision, Plaintiff DAVID ZARAGOZA had slowed down due to heavy traffic congestion.

11. As a direct and proximate result of said collision, Plaintiff suffered severe injuries and has incurred substantial damages, as set forth more specifically below.

# V.
# CAUSES OF ACTION AGAINST DEFENDANT MATTHEW GRIFFITHS

## A.
### NEGLIGENCE

12. Defendant MATTHEW GRIFFITHS was negligent on the occasion in question in that he owed a duty to use ordinary care in the operation of the vehicle described above, and breached said duty in one or more of the following respects:

    a. Driving at an excessive rate of speed;

    b. Failing to control his speed;

    c. Driving while distracted;

    d. Taking his eyes off the road;

    e. Failing to maintain a safe following distance;

    f. Failing to keep a proper lookout;

    g. Failing pay attention to his surroundings;

    h. Failing to timely apply the brakes;

    i. Failing to operate a vehicle as would a reasonable prudent driver under the same or similar circumstances.

13. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constitute negligence, and such negligence proximately caused the incident serving as the basis hereof as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## B.
### GROSS NEGLIGENCE

14. The negligence of Defendant MATTHEW GRIFFITHS as described herein was more than mere thoughtlessness or inadvertence.

15. Rather, Defendant's acts and/or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

16. Defendant had actual, subjective awareness of such risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

17. Defendant is therefore liable for gross negligence, and such gross negligence proximately caused the incident serving as the basis hereof as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT NAKOTA TRUCKING, LLC

### A.
### *RESPONDEAT SUPERIOR*

18. Defendant AMERICAN NATIONAL RED CROSS is liable to Plaintiff for each and every negligent act and/or omission of Defendant MATTHEW GRIFFITHS under the doctrine of *respondeat superior*. Specifically:

    a. Plaintiff was injured as a result of the collision at issue;

    b. Defendant MATTHEW GRIFFITHS was an employee of Defendant AMERICAN NATIONAL RED CROSS; and

    c. The collision at issue occurred while Defendant MATTHEW GRIFFITHS was acting within in the course and scope of his employment with Defendant AMERICAN NATIONAL RED CROSS– that is, the act was:

        i. Within Defendant MATTHEW GRIFFITHS's general authority;

ii. In furtherance of the business of Defendant AMERICAN NATIONAL RED CROSS; and

iii. For the accomplishment of the object for which Defendant MATTHEW GRIFFITHS was hired.

19. By reason of the foregoing, Defendant AMERICAN NATIONAL RED CROSS is vicariously liable to Plaintiff inasmuch as Defendant MATTHEW GRIFFITHS is directly liable to Plaintiff.

**B.**
**NEGLIGENT HIRING / TRAINING / SUPERVISION / RETENTION**

20. Defendant AMERICAN NATIONAL RED CROSS was negligent on the occasion in question in that said Defendant owed a duty to hire, supervise, train and retain competent employees, and breached said duty in one or more of the following aspects:

    a. Hiring Defendant MATTHEW GRIFFITHS when a reasonable, prudent employer in the same or similar circumstances would not;

    b. Failing to adequately train Defendant MATTHEW GRIFFITHS as would a reasonable, prudent employer in the same or similar circumstances;

    c. Failing to adequately supervise Defendant MATTHEW GRIFFITHS as would a reasonable, prudent employer in the same or similar circumstances; and

    d. Retaining Defendant MATTHEW GRIFFITHS as an employee when a reasonable, prudent employer in the same or similar circumstances would not.

21. Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, constitute negligence which proximately caused the collision in question as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## C.
### NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE

22. Defendant AMERICAN NATIONAL RED CROSS was also negligent in the following respects:

    a. At the time of the incident, Defendant AMERICAN NATIONAL RED CROSS owned, leased, or otherwise exercised control over the commercial vehicle in question and entrusted the same to Defendant MATTHEW GRIFFITHS;

    b. At the time of the incident, Defendant MATTHEW GRIFFITHS was an unlicensed, incompetent, and/or reckless driver;

    c. At the time of the incident, Defendant AMERICAN NATIONAL RED CROSS either knew or should have known that Defendant MATTHEW GRIFFITHS was an unlicensed, incompetent, and/or reckless driver;

    d. Defendant MATTHEW GRIFFITHS was negligent on the occasion in question; and

    e. Defendant MATTHEW GRIFFITHS's negligence proximately caused Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

23. Defendant AMERICAN NATIONAL RED CROSS is therefore liable to Plaintiff for negligent entrustment of a motor vehicle, and such negligence proximately caused the collision in question as well as Plaintiff's injuries and damages, as set forth more specifically herein.

## D.
### GROSS NEGLIGENCE

24. The negligence of Defendant AMERICAN NATIONAL RED CROSS as described herein was more than mere thoughtlessness or inadvertence.

25. Rather, Defendant's acts and/or omissions, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

26. Defendant had actual, subjective awareness of such risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

27. Defendant is therefore liable for gross negligence, and such gross negligence proximately caused the incident serving as the basis hereof as well as Plaintiff's injuries, damages, and other losses as set forth more specifically herein.

## VII.
## DAMAGES

28. As a direct and proximate result of Defendants' conduct as described herein, Plaintiff DAVID ZARAGOZA suffered severe bodily injuries.

29. Plaintiff's injuries are permanent in nature and, in all reasonable probability, Plaintiff will continue to suffer from the effects of such injuries for the remainder of Plaintiff's natural life.

30. Plaintiff has also endured severe pain and mental anguish and a result of such injuries and, in all reasonable probability, Plaintiff will continue to endure severe pain and mental anguish for the remainder of Plaintiff's natural life.

31. Plaintiff's injuries have also resulted in severe physical limitations and impairment which, in all reasonable probability, will continue for the remainder of Plaintiff's natural life.

32. Plaintiff's injuries have also resulted in severe physical disfigurement which, in all reasonable probability, will continue for the remainder of Plaintiff's natural life.

33. Plaintiff has also paid and/or incurred medical expenses as a result of such injuries.

34. Plaintiff's medical expenses were necessary for the treatment and care of the injuries resulting from the incident complained of herein. Further, the amounts charged for such medical expenses were reasonable at the time and place the services were provided.

35. There is also a reasonable probability that Plaintiff will require future medical care and attention, and will therefore incur the cost of future reasonable and necessary medical expenses.

36. Plaintiff seeks all damages allowed by law, including but not limited to the following:

    a. Physical pain and mental anguish sustained in the past;
    b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;
    c. Loss of earning capacity sustained in the past;
    d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;
    e. Disfigurement sustained in the past;
    f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;
    g. Physical impairment sustained in the past;
    h. Physical impairment that, reasonable probability, Plaintiff will sustain in the future;
    i. Medical care expenses incurred in the past;
    j. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future;
    k. Exemplary damages;
    l. Pre-judgment interest;
    m. Post-judgment interest;
    n. Property damage; and
    o. Loss of use.

## VIII.
## JURY DEMAND

37. Plaintiff hereby makes application for a trial by jury, and tenders payment this date of the required jury fee.

## IX.
## PRAYER

38. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendants AMERICAN NATIONAL RED CROSS and MATTHEW GRIFFITHS be cited to appear and answer, and after final trial hereafter, that judgment be rendered in favor of Plaintiff against said Defendants, jointly and severally, in an amount within the jurisdictional limits of the Court, together with all pre-judgment and post-judgment interest as allowed by law,

costs of court, and grant such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**THOMAS J. HENRY LAW, PLLC**
5711 University Heights, Suite 101
San Antonio, TX 78249
P.O. Box 696025 (78269)
Tel. (210) 656-1000
Fax. (361) 985-0601

*Russell Jackson*

By:  Russell T. Jackson
     State Bar No. 24069978
     E-mail: rjackson@tjhlaw.com
     ***E-Service:*** rjackson-svc@tjhlaw.com
     **ATTORNEY FOR PLAINTIFF**

***Service by this email address only.**